# IN THE SUPREME COURT OF THE STATE OF NEVADA

OTIS HOLLAND,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 71333

**FILED**

JUN 14 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of fourteen counts of sexual assault of a minor under sixteen years of age and one count of lewdness with a child under the age of fourteen. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Appellant Otis Holland raises three contentions on appeal.

First, Holland contends that the district court erred by granting the State's motion to join charges involving different victims in a single trial given the length of time between the incidents, the lack of an over-arching plan or scheme, and the prejudice he suffered in the eyes of the jury. We conclude that the district court did not abuse its discretion in joining the charges because they were connected together. *See* NRS 173.115(2)[1] (allowing joinder of charges that are connected together); *see also Farmer v. State,* 133 Nev., Adv. Op. 86, 405 P.3d 114, 122 (2017) (reviewing joinder decisions for an abuse of discretion).

---

[1]This statute was amended as of October 1, 2017. 2017 Nev. Stat., ch. 235, § 1, at 1242. Any reference to NRS 173.115 in this order refers to the previous version.

18-22830

Here, the offenses were connected together because the evidence of the charges relating to one victim would be admissible for relevant, nonpropensity purposes in a separate trial for the charges relating to the other victim. *See Rimer v. State*, 131 Nev. 307, 322, 351 P.3d 697, 708-09 (2015) (holding that the cross-admissibility of charges is the only consideration in determining whether they are "connected together" under NRS 173.115(2)); *see also* NRS 48.045(2) (listing nonpropensity purposes to include "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident"). Indeed, the evidence that Holland used "prayer cards" to vet out the vulnerable families in his congregation and then groomed the victims and their families through religious leadership, shaming, and counseling would be cross-admissible for the nonpropensity purposes of showing motive, preparation, and plan. The location of the crimes was also the same with each victim—Holland's homes or vehicles—exhibiting opportunity.

In addition to there being a proper basis for joinder, we also conclude that there was no unfair prejudice that would mandate separate trials as the evidence against Holland, particularly the victims' testimony, was strong. *See* NRS 174.165(1) (providing a defendant relief from prejudicial joinder of offenses); *Rimer*, 131 Nev. at 323-24, 351 P.3d at 709-10 (providing that even if joinder is proper under NRS 173.115(2), separate trials may be necessary to prevent unfair prejudice, but concluding that there was no possibility of unfair prejudice when there was strong evidence of the defendant's guilt); *see also Gaxiola v. State*, 121 Nev. 638, 648, 119 P.3d 1225, 1232 (2005) ("[T]he uncorroborated testimony of a victim, without more, is sufficient to uphold a rape conviction."). The district court therefore properly exercised its discretion in granting joinder.

Second, Holland contends that the district court erred in denying his motion for a mistrial after the state committed prosecutorial misconduct by eliciting previously excluded evidence. The evidence at issue was a victim's testimony that she initially defended Holland against another victim's allegations, despite the fact that Holland was also victimizing her, but later changed her mind and decided to report Holland after learning that he supported his adult girlfriend aborting a pregnancy. Although the district court ruled the abortion testimony inadmissible during the victim's direct examination, on cross-examination Holland repeatedly asked the victim why she changed her mind, insinuating the cause was the victim's jealousy of Holland's girlfriend. On redirect examination, the State, believing that Holland had opened the door to the abortion testimony, directly asked the victim what changed her mind about Holland, causing her to report his abuse. Holland objected but the court allowed the question,[2] leading to the victim testifying that Holland supported an abortion. The district court denied Holland's later request for a mistrial based on that testimony.

The district court did not abuse its discretion in denying Holland's motion for a mistrial. *See Rudin v. State*, 120 Nev. 121, 142, 86 P.3d 572, 586 (2004) (reviewing a decision regarding mistrial for an abuse of discretion). The State did not engage in prosecutorial misconduct because the State was under a reasonable belief that, when the district court overruled Holland's objection and allowed the State to continue its line of questioning on redirect, the court was now allowing the abortion testimony so that the victim could clarify the testimony elicited on cross-examination.

---

[2]There was no colloquy between counsel and the bench regarding what testimony the State was intending to elicit.

*See Barrett v. State*, 105 Nev. 356, 359, 776 P.2d 538, 540 (1989) (providing that a witness may use redirect examination to clarify statements elicited during cross-examination). Since the State did not commit prosecutorial misconduct, there was no basis to grant a mistrial. And, even if prosecutorial misconduct occurred, it was not so prejudicial that Holland was denied a fair trial, *Rudin*, 120 Nev. at 144, 86 P.3d at 587 (providing that mistrial may be granted when prejudice prevents the defendant from receiving a fair trial), and the district court properly issued both a contemporaneous curative instruction and a similar instruction at the conclusion of the trial, lessening any prejudice that may have existed. *See U.S. v. Sepulveda*, 15 F.3d 1161, 1184 (1st Cir. 1993) (providing that granting a mistrial should be treated as a last resort to remedying any unfair prejudice against the defendant).

Lastly, Holland argues that the district court erred by admitting evidence concerning his consensual sexual relationship with a former adult girlfriend. We disagree as NRS 48.045(2) allows the admission of evidence of prior acts for nonpropensity purposes such as proving intent, preparation, and planning and because the admission of the evidence was otherwise proper.

Before admitting evidence of prior acts, a district court must determine whether the evidence is relevant, if it is proven by clear and convincing evidence, and if the danger of unfair prejudice substantially outweighs the evidence's probative value. *Fields v. State*, 125 Nev. 776, 782, 220 P.3d 724, 728 (2009). Here, all three factors were met. First, the evidence was relevant to show preparation based on the numerous similarities between the former girlfriend's testimony and how Holland began relationships with his victims—he met them at church, learned of

Supreme Court
of
Nevada

(O) 1947A

4

their vulnerabilities through "prayer cards," began counseling them, and then engaged them in sexual acts. The evidence also explained Holland's plan and intent by demonstrating how he chose and groomed his victims. Second, the evidence of the prior act was clear and convincing as it was supported by Holland's former girlfriend's testimony that her relationship with Holland started under the same circumstances as he started his relationships with the underage victims. And, the probative value of the evidence was not substantially outweighed by unfair prejudice because it was not raised for an improper purpose and there was sufficient evidence, independent of the adult consensual relationship evidence, to convict Holland of the crimes charged. We therefore conclude that the district court did not abuse its discretion in admitting the challenged evidence. *See Newman v. State*, 129 Nev. 222, 231, 298 P.3d 1171, 1178 (2013) (reviewing the admission of evidence under NRS 48.045(2) for an abuse of discretion).

Holland's other assignments of error are similarly unpersuasive. We therefore

ORDER the judgment of conviction AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc: Hon. Stefany Miley, District Judge
Law Offices of John P. Parris
Attorney General/Carson City
Robert L. Langford & Associates
Eighth District Court Clerk